IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAMONDUS CROOMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0105-CG-N |
| | ) | |
| WARDEN JAMES MULLINS, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner has filed a Petition (doc. 1) pursuant to 28 U.S.C. § 2254, challenging his state-court conviction and sentence, together with a Motion to Stay (doc. 3) his state habeas petition pending completion of state Rule 32 proceedings which have been filed in state court and are currently pending before the Alabama Court of Criminal Appeals. This matter has been referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4).

Given the filing of the Motion to Stay, petitioner apparently understands that his habeas petition is premature, as he has not yet exhausted his state court remedies. *See* Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982)(habeas relief unavailable until state remedies exhausted). The Supreme Court has stated that a district court may stay a pending petition brought under § 2254 pending exhaustion of the petitioner's state court remedies. Rhines v. Weber, 544 U.S. 269 (2005). However "stay and abeyance should be available only in limited circumstances." Id. at 277. Specifically, the Supreme Court held that the district court should only grant such a stay where it finds good cause for the failure to exhaust those claims, and can not stay the petition where the unexhausted claims are plainly meritless. Id.

Petitioner Crooms has made no showing of cause and has not presented any basis for granting the stay. His one-page motion offers no facts upon which this court might properly exercise its discretion to stay this actions within the limits previously established nor any alternative argument for the stay. The court presumes that this is intended as a prophylactic filing to avoid any possibility of missing the one-year statute of limitations applicable to § 2254, but petitioner has not even shown that he faces a particularly short period of time to file this petition in the event his Rule 32 motion is denied by the state court or otherwise faces extraordinary circumstances which make it reasonable and necessary to file this federal petition before the exhaustion of his state remedies. It thus appears that an order staying this case would lie outside the scope of the court's discretion.[1]

Accordingly, it is hereby RECOMMENDED that the court DENY petitioner's Motion to Stay and DISMISS his § 2254 petition without prejudice on the basis that he has failed to exhaust his administrative remedies.

The attached sheet contains important information regarding objections to this recommendation.

DONE this 14th day of March, 2011.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court entered an order (doc. 4) on March 2, 2011, denying petitioner's IFP motion and requiring him to pay the $5.00 filing fee by April 4, 2011. That order directs the clerk to serve the complaint on Respondent if the filing fee is received. It is anticipated that dismissal of this action will render the payment of fees unnecessary and will Moot the direction of service on the respondent. Accordingly, should petitioner remit the filing fee while this Report and Recommendation remains pending, the Clerk is DIRECTED to withhold service pending an order on the Report and Recommendation and, should the court adopt the R&R and order that action be dismissed, the Clerk shall return the filing fee to petitioner.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson  
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).